[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AS TO DEFENDANT HOSPITAL'S MOTION FOR SUMMARY JUDGMENT ON COUNT THREE
The count is inclined to deny Summary Judgment as to Count Three (negligence) at this time. This determination would probably be different in a case wherein the hospital were the only defendant for there appears to be a frank absence of expert CT Page 6803 disclosure.
In this setting, however, where physicians are also defendants who, thus, can be called by plaintiff in her case-in-chief, there exists the prospect that they implicate the hospital with expertise.
The court has found no case law on this narrow point, but it does seem possible that one could build a case against an institution out of the practitioners' efforts to exculpate themselves. In such a setting, it may frequently be unrealistic to expect a plaintiff to learn it all pre-trial, against what is often a rather united defense front, and even less realistic that such a defendant would "agree" his role is as an expert against the hospital,[1] thus enabling a standard or traditional disclosure.
It seems fair to say further, however, in this setting, that the hospital need no longer fear newly disclosed experts in the traditional retained-and-agree-to-testify-for-plaintiff sense.
This determination may fairly be seen as one without prejudice to renewal if said renewal is specifically focused entirely on the issues discussed herein.
NADEAU, J.